AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 19 2026

CLERK, U.S. DISTRICT COURT
By ______________
Deputy

United States of America
v.
JOSE BOSQUEZ

*Defendant(s)*

Case No. 2:26-MJ-162-BR

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February to March 2026 in the county of Randall in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| Title 18, United States Code, Section 2252A(a)(5)(B) | Access with Intent to View Child Pornography |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Alden Woodard, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirement of Fed. R. Crim. P. 4.1 by telephone this 19th day of August, 2026.

Date: 8/19/26

Lee Ann Reno
*Judge's signature*

City and state: Amarillo, TX

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Alden Woodard, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") since July 2022, and I am currently assigned to the Dallas Division, Amarillo Resident Agency. While employed by FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through trainings and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8) and used interchangeably with the term "child sexual abuse material" or "CSAM") in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2251(a), 2252, and 2252A, and I am authorized by law to request an arrest warrant.

2. The statements contained in this affidavit are based on, among other things, my own investigation; information provided by U.S. federal law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical surveillance conducted by law enforcement agents; independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent.

3. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, your Affiant has not included each and every fact known to him concerning this investigation. Your Affiant has only set for facts that I believe are necessary to establish probable cause.

## ACCESS WITH INTENT TO VIEW CHILD PORNOGRAPHY

4. Based on the information contained in this affidavit, I have probable cause to believe Jose BOSQUEZ committed the criminal offense of access with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Fifth Circuit Pattern Jury Instruction 2.85F (2024) provides that Title 18, United States Code, Section 2252A(a)(5)(B), makes it a crime to knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, shipped, or transported using any means or facility of, or in or affecting, interstate or foreign commerce, including by computer, or that was produced using materials that have been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer. The following are the elements and definitions associated with this offense:

*First*: That the defendant knowingly accessed with the intent to view an item that contains an image of child pornography, as alleged;

*Second*: That the material was mailed, shipped, or transported using any means or facility of, or in or affecting interstate or foreign commerce by any means, including by computer; or

*Second*: That the material was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third*: That when the defendant accessed with the intent to view the material, the defendant knew the material was or contained child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct [where such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct].

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person.

"Sexually explicit conduct" means graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or lascivious simulated sexual intercourse where the genitals, breast, or public area of any person is exhibited; graphic or lascivious simulated bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person.

Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## BACKGROUND ON THE INVESTIGATION

5. In January 2024, an FBI employee conducting a search on the Tor network observed a .onion site, hereinafter the "TARGET WEBSITE," which advertised itself as the largest open library of free child pornography videos and images. Displayed on the homepage of

the site were photos and videos which depicted the sexual abuse of children and constituted child pornography as defined by 18 U.S.C. § 2256.

6. Below the main homepage banner were two sections labeled "Popular Photos" and "Popular Videos." Each section depicted a grid of thumbnail images of content.[1] If the user clicked the thumbnail to view the full content, they would be taken to the content page, where the material would appear blurred, and a prompt would appear requesting payment for full access. One image in the Popular Photos section appeared to depict a prepubescent female lying nude from the waist down on a textile surface. The individual displayed physical characteristics consistent with a prepubescent child, including the absence of pubic hair, a small body frame, and low muscle mass and definition. The child's legs were spread apart and a device that appeared to be used for sexual purposes was inserted into the child's anus with an adult's hand holding the object.

7. The TARGET WEBSITE offered various subscription services for access to the TARGET WEBSITE's content ranging from one day access for $15 USD to a lifetime subscription for $300 USD. Customers could purchase subscriptions using cryptocurrency. More specifically, customers could pay with cryptocurrency either in BTC or LTC.

8. In May 2024, an FBI online covert employee ("OCE") conducted a covert purchase using BTC of a subscription to the TARGET WEBSITE. The OCE had to navigate to the payment options screen and select the BTC or LTC payment option for the pricing package of interest. After selecting the BTC payment option for the target package, the OCE was directed to a screen with a QR code and a BTC address with the instructions "Please send exactly [amount] bitcoin to [address]" displayed. Upon successful payment, the OCE was granted full

[1] A thumbnail is a small, compressed, and low-resolution version of a larger image or video, primarily used as a preview.

access to the content available on the TARGET WEBSITE which included more child pornography videos and images than were previously available on the home page. After paying for access to the site, the OCE could also utilize the search feature to find specific content. Upon selecting an image or video, the content would load, and the OCE could click the "Download Media" button to download it. The OCE downloaded videos and images and verified that they met the federal definition of child pornography as set out in 18 U.S.C. § 2256(8)(A).

9. An example of a video downloaded by the OCE was an 11-second video titled, "Tara8yrMasturbation unreleased uncensored RPEX21" which depicted what appeared to be a prepubescent female lying nude on a bed watching tv with her leg behind her head. The minor appeared to be prepubescent as she had little to no breast development, no pubic hair, and a body stature smaller than an average teenager. The minor was repeatedly inserting multiple fingers into her vagina. At the time of the download, the video received 2316 views.

10. The FBI successfully obtained a forensic image of the TARGET WEBSITE wherein collected data included BTC and LTC wallet addresses associated with payments made for access to the site.

**IDENTIFICATION OF THE TARGET THAT PAID THE TARGET WEBSITE**

11. A review of the Coinbase records shows that on April 5, 2024, an account in the name of Jose Bosquez (BOSQUEZ) sent 0.00024428 BTC worth approximately $16.61 on that date, from receiving wallet address bc1qe2f243ck034y3jyteshw4zdwl93lpr4y58hmcf associated with BOSQUEZ's Coinbase account to a cryptocurrency address associated with the TARGET WEBSITE. This approximate payment amount is consistent with the advertised price for access to the TARGET WEBSITE.

12. The Coinbase records further showed a date of birth of June 2, 1987, which matches the BOSQUEZ's date of birth according to background checks conducted by law enforcement. A listed social security number ending in 7190 matches BOSQUEZ's social security number according to database and record searches. The address listed on the account matches BOSQUEZ's address in Amarillo, Texas. The account was created on January 14, 2021. The registered email address is listed as joebosquez@ymail.com.

13. A Texas Driver's License depicting an individual with BOSQUEZ's same name, address, and date of birth, was uploaded to the account as part of Coinbase's Know Your Customer verification requirement. The information matches that of BOSQUEZ.

14. During the investigation, BOSQUEZ was observed living at the same Amarillo residence associated with his accounts and other information, a location within the Amarillo Division of the Northern District of Texas.

**SUBJECT'S ADMISSION TO ACCESSING AND VIEWING CSAM**

15. Based on the aforementioned information, a federal search warrant was obtained for BOSQUEZ and his residence on August 13, 2026. On August 19, 2026, the search warrant was executed at the residence of BOSQUEZ and for BOSQUEZ's person. During a consensual, non-custodial, interview of BOSQUEZ, BOSQUEZ made admissions to sending cryptocurrency to access the TARGET WEBSITE. BOSQUEZ further admitted to viewing content depicting CSAM on the TARGET WEBSITE.

16. BOSQUEZ reported to Agents that he had accessed or viewed child pornography approximately five times, with the most recent occurrence happening in approximately February or March of 2026 wherein BOSQUEZ admitted to sending money via Paypal to an individual for access to a group on the application Telegram. BOSQUEZ further admitted that, after payment

and gaining access to the Telegram group, he viewed CSAM that was shared/posted on the Telegram group page.

17. BOSQUEZ told Agents that he typically viewed CSAM content involving teenagers.

## CONCLUSION

18. Based on the aforementioned facts, there is probable cause to believe that one or more violations of 18 U.S.C §§ 2252A(a)(5)(B) and (b)(2) has been committed by BOSQUEZ.

19. Accordingly, your Affiant respectfully requests that an arrest warrant be issued for BOSQUEZ.

Respectfully submitted,

**Alden Woodard**
Special Agent
Federal Bureau of Investigation

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41 (d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.
Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 19th day of August 2026.

Lee Ann Reno
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE